AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT
☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

## OFFENSE CHARGED

21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A)(vi) – Conspiracy to Distribute and Possess with Intent to Distribute 400 Grams or More of a Mixture and Substance Containing Fentanyl;
21 U.S.C. § 841(a)(1) and (b)(1)(A)(vi) – Possession with Intent to Distribute 400 Grams or More of a Mixture and Substance Containing Fentanyl;
21 U.S.C. § 841(a)(1) and (b)(1)(B)(vi) – Possession with

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:

## DEFENDANT - U.S

SEALED BY ORDER OF THE COURT

▶ MARIO SEVILLA ARTIAGA

DISTRICT COURT NUMBER
CR26 00093 JST

## PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)
DEA

☒ person is awaiting trial in another Federal or State Court, give name of court
Alameda County Superior Court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under }

Name and Office of Person Furnishing Information on this form: CRAIG H. MISSAKIAN
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): KELLY I. VOLKAR

## DEFENDANT

### IS *NOT* IN CUSTODY

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

FILED
FEB 26 2026
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### IS IN CUSTODY

4) ☒ On this charge

5) ☐ On another conviction } ☐ Federal ☒ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

**DATE OF ARREST** ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:

☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT

Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

** Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Defendant Address:

Date/Time: Before Judge:

Comments:

# Maximum Penalties

## 1. MARIO SEVILLA ARTIAGA

**Count One – 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) – Conspiracy to Distribute and Possess with Intent to Distribute Over 400 Grams of a Mixture or Substance Containing a Detectable Amount of Fentanyl**

- Mandatory minimum of 10 years' imprisonment
- Maximum of life imprisonment
- Maximum $10,000,000 fine
- Between five years and lifetime supervised release
- $100 special assessment
- Forfeiture;
- Deportation; and
- Mandatory and discretionary denial of federal benefits upon conviction of drug offenses, 21 U.S.C. § 862 and § 862a.

**Count Two – 21 U.S.C. §§ 841(a)(1), (b)(1)(A) – Possession with Intent to Distribute Over 400 Grams of a Mixture or Substance Containing a Detectable Amount of Fentanyl**

- Mandatory minimum of 10 years' imprisonment
- Maximum of life imprisonment
- Maximum $10,000,000 fine
- Between five years and lifetime supervised release
- $100 special assessment
- Forfeiture;
- Deportation; and
- Mandatory and discretionary denial of federal benefits upon conviction of drug offenses, 21 U.S.C. § 862 and § 862a.

## 2. DANEXI MENDOZA LICONA

**<u>Count One</u> – 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) – Conspiracy to Distribute and Possess with Intent to Distribute Over 400 Grams of a Mixture or Substance Containing a Detectable Amount of Fentanyl**

- Mandatory minimum of 10 years' imprisonment
- Maximum of life imprisonment
- Maximum $10,000,000 fine
- Between five years and lifetime supervised release
- $100 special assessment
- Forfeiture;
- Deportation; and
- Mandatory and discretionary denial of federal benefits upon conviction of drug offenses, 21 U.S.C. § 862 and § 862a.

**<u>Count Three</u> – 21 U.S.C. §§ 841(a)(1), (b)(1)(B) – Possession with Intent to Distribute Over 40 Grams of a Mixture or Substance Containing a Detectable Amount of Fentanyl**

- Mandatory minimum of 5 years' imprisonment
- Maximum of 40 years' imprisonment
- Maximum $5,000,000 fine
- Between four years and lifetime supervised release
- $100 special assessment
- Forfeiture;
- Deportation; and
- Mandatory and discretionary denial of federal benefits upon conviction of drug offenses, 21 U.S.C. § 862 and § 862a.

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT

☐ SUPERSEDING

## OFFENSE CHARGED

21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A)(vi) – Conspiracy to Distribute and Possess with Intent to Distribute 400 Grams or More of a Mixture and Substance Containing Fentanyl;
21 U.S.C. § 841(a)(1) and (b)(1)(A)(vi) – Possession with Intent to Distribute 400 Grams or More of a Mixture and Substance Containing Fentanyl;
21 U.S.C. § 841(a)(1) and (b)(1)(B)(vi) – Possession with

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

DEFENDANT - U.S

SEALED BY ORDER OF THE COURT

DANEXI MENDOZA LICONA

DISTRICT COURT NUMBER

CR26 00093 JST

## PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

DEA

☒ person is awaiting trial in another Federal or State Court, give name of court

Alameda County Superior Court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form: CRAIG H. MISSAKIAN

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): KELLY I. VOLKAR

## DEFENDANT

**IS *NOT* IN CUSTODY**

Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

FILED

FEB 26 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**IS IN CUSTODY**

4) ☒ On this charge

5) ☐ On another conviction } ☐ Federal ☒ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

**DATE OF ARREST** Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:

☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT

Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

** Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Defendant Address:

Date/Time: Before Judge:

Comments:

# Maximum Penalties

## 1. MARIO SEVILLA ARTIAGA

**<u>Count One</u> – 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) – Conspiracy to Distribute and Possess with Intent to Distribute Over 400 Grams of a Mixture or Substance Containing a Detectable Amount of Fentanyl**

- Mandatory minimum of 10 years' imprisonment
- Maximum of life imprisonment
- Maximum $10,000,000 fine
- Between five years and lifetime supervised release
- $100 special assessment
- Forfeiture;
- Deportation; and
- Mandatory and discretionary denial of federal benefits upon conviction of drug offenses, 21 U.S.C. § 862 and § 862a.

**<u>Count Two</u> – 21 U.S.C. §§ 841(a)(1), (b)(1)(A) – Possession with Intent to Distribute Over 400 Grams of a Mixture or Substance Containing a Detectable Amount of Fentanyl**

- Mandatory minimum of 10 years' imprisonment
- Maximum of life imprisonment
- Maximum $10,000,000 fine
- Between five years and lifetime supervised release
- $100 special assessment
- Forfeiture;
- Deportation; and
- Mandatory and discretionary denial of federal benefits upon conviction of drug offenses, 21 U.S.C. § 862 and § 862a.

## 2. DANEXI MENDOZA LICONA

**Count One – 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) – Conspiracy to Distribute and Possess with Intent to Distribute Over 400 Grams of a Mixture or Substance Containing a Detectable Amount of Fentanyl**

- Mandatory minimum of 10 years' imprisonment
- Maximum of life imprisonment
- Maximum $10,000,000 fine
- Between five years and lifetime supervised release
- $100 special assessment
- Forfeiture;
- Deportation; and
- Mandatory and discretionary denial of federal benefits upon conviction of drug offenses, 21 U.S.C. § 862 and § 862a.

**Count Three – 21 U.S.C. §§ 841(a)(1), (b)(1)(B) – Possession with Intent to Distribute Over 40 Grams of a Mixture or Substance Containing a Detectable Amount of Fentanyl**

- Mandatory minimum of 5 years' imprisonment
- Maximum of 40 years' imprisonment
- Maximum $5,000,000 fine
- Between four years and lifetime supervised release
- $100 special assessment
- Forfeiture;
- Deportation; and
- Mandatory and discretionary denial of federal benefits upon conviction of drug offenses, 21 U.S.C. § 862 and § 862a.

# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: OAKLAND

FILED
FEB 26 2026
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

V.

MARIO SEVILLA ARTIAGA, and
DANEXI MENDOZA LICONA,

CR26 00093

[redacted]

DEFENDANT(S).

# INDICTMENT

21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A)(vi) – Conspiracy to Distribute and Possess with Intent to Distribute 400 Grams or More of a Mixture and Substance Containing Fentanyl;
21 U.S.C. § 841(a)(1) and (b)(1)(A)(vi) – Possession with Intent to Distribute 400 Grams or More of a Mixture and Substance Containing Fentanyl;
21 U.S.C. § 841(a)(1) and (b)(1)(B)(vi) – Possession with Intent to Distribute 40 Grams or More of a Mixture and Substance Containing Fentanyl;
21 U.S.C. § 853 – Forfeiture Allegation

A true bill.

________________ Foreman

Filed in open court this 26th day of

February, 2026.

________________ Clerk

2/26/2026

Bail, $ Arrest Warrant

Hon. Kandis A. Westmore, U.S. Magistrate Judge

FILED
FEB 26 2026
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

SEALED BY ORDER OF THE COURT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARIO SEVILLA ARTIAGA, and<br>DANEXI MENDOZA LICONA,<br><br>Defendants. | CASE NO. CR26 00093 JST<br><br>VIOLATIONS:<br>21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A)(vi) – Conspiracy to Distribute and Possess with Intent to Distribute 400 Grams or More of a Mixture and Substance Containing Fentanyl;<br>21 U.S.C. § 841(a)(1) and (b)(1)(A)(vi) – Possession with Intent to Distribute 400 Grams or More of a Mixture and Substance Containing Fentanyl;<br>21 U.S.C. § 841(a)(1) and (b)(1)(B)(vi) – Possession with Intent to Distribute 40 Grams or More of a Mixture and Substance Containing Fentanyl;<br>21 U.S.C. § 853 – Forfeiture Allegation |

INDICTMENT

The Grand Jury charges:

COUNT ONE: (21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A)(vi) – Conspiracy to Distribute and Possess with Intent to Distribute 400 Grams or More of a Mixture and Substance Containing Fentanyl)

Beginning on or about July 1, 2023, and continuing to on or about August 20, 2025, in the Northern District of California, the defendants,

MARIO SEVILLA ARTIAGA and DANEXI MENDOZA LICONA,

and others known and unknown to the Grand Jury, did knowingly and intentionally conspire to distribute

and possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and (b)(1)(A)(vi).

COUNT TWO: (21 U.S.C. § 841(a)(1) and (b)(1)(A)(vi) – Possession with Intent to Distribute 400 Grams or More of a Mixture and Substance Containing Fentanyl)

On or about August 20, 2025, in the Northern District of California, the defendant,

MARIO SEVILLA ARTIAGA,

did knowingly and intentionally possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(vi).

COUNT THREE: (21 U.S.C. § 841(a)(1) and (b)(1)(B)(vi) – Possession with Intent to Distribute 40 Grams or More of a Mixture and Substance Containing Fentanyl)

On or about August 20, 2025, in the Northern District of California, the defendant,

DANEXI MENDOZA LICONA,

did knowingly and intentionally possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(vi).

FORFEITURE ALLEGATION: (21 U.S.C. § 853)

The allegations contained above are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853.

Upon conviction of any of the offenses alleged in Counts One through Three above, the defendants,

MARIO SEVILLA ARTIAGA and DANEXI MENDOZA LICONA,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), all right, title, and interest in any property constituting or derived from any proceeds the defendant obtained, directly or

indirectly, as a result of such violations, and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations, including but not limited to a forfeiture money judgment and the following:

a. $7,520.00 in various small dollar denominations seized on August 20, 2025;

b. one gold-colored electronic scale seized on August 20, 2025;

c. one black electronic scale seized on August 20, 2025;

d. one un-serialized handgun with silver upper slide and black lower, 9mm seized on August 20, 2025;

e. one model P25 Raven Arms handgun, .25 caliber seized on August 20, 2025;

f. one CO2 revolver seized on August 20, 2025;

g. one Glock handgun, un-serialized 9mm caliber, with a black upper slide and brown lower, with a threaded barrel seized on August 20, 2025;

h. one seventeen round high-capacity magazine with six 9mm rounds seized on August 20, 2025;

i. iPhone with a dark brown case and a shattered screen seized on August 20, 2025;

j. one Samsung cellphone with a transparent case and a shattered screen seized on August 20, 2025;

k. two dark gray iPhones seized on August 20, 2025;

l. one Blue iPhone with translucent case seized on August 20, 2025;

m. one Gray Motorola cellphone seized on August 20, 2025; and

n. one Blue Samsung cellphone seized on August 20, 2025.

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Section 853, and Federal Rule of Criminal Procedure 32.2.

DATED: February 26, 2026

A TRUE BILL.

FOREPERSON
OAKLAND

CRAIG H. MISSAKIAN
United States Attorney

/s/ Kelly I. Volkar
KELLY I. VOLKAR
Assistant United States Attorney